# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-40713

United States of America,

*Plaintiff—Appellee*,

*versus*

Franklin Johnson, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-244-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Franklin Johnson, Jr., pleaded guilty to conspiring to transport and transporting unlawful aliens within the United States for the purpose of commercial advantage and private financial gain. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (A)(v)(I), (B)(i). Johnson was arrested following a border-patrol checkpoint inspection. During the inspection, agents

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

discovered that Johnson was transporting 96 undocumented aliens. One of those aliens was concealed under some luggage in Johnson's cab. The other ninety-five were hidden inside Johnson's trailer. The district court sentenced Johnson at the bottom of the advisory guidelines range to 46 months of imprisonment and three years of supervised release.

In his sole argument on appeal, Johnson argues for the first time that the district court plainly erred by applying a two-level enhancement under U.S.S.G. § 2L1.1(b)(6) because there was not sufficient evidence or a plausible basis on which the enhancement could be applied. Because Johnson did not object to the district court's application of § 2L1.1(b)(6), his challenge is reviewed for plain error. *See, e.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). To prevail on plain-error review, Johnson must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, we may remedy the error. Still, we should do so only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Section 2L1.1(b)(6) provides for an increase in the defendant's base offense level for smuggling, transporting, or harboring an unlawful alien—in this case, an increase of two levels—if "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). In support of the enhancement, the presentence report stated that Johnson's trailer was not designed to transport passengers, let alone ninety-five of them; that the aliens inside Johnson's trailer lacked seatbelts; that they could not communicate with Johnson; that they would not have been able to extricate themselves from the trailer after an accident; and that there was "no free flow of air" in the trailer. Johnson

neither rebutted those findings, which the district court adopted, nor presented any evidence relevant to the enhancement.

Under the circumstances, the district court's decision to apply the § 2L1.1(b)(6) enhancement is at most subject to reasonable dispute, so any error is not clear or obvious. *See Puckett*, 556 U.S. at 135; *United States v. Garza*, 587 F.3d 304, 310–11 (5th Cir. 2009) (per curiam). Accordingly, we AFFIRM the district court's judgment.